IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAY BRODSKY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 19-523 (MN) |
| J.P. MORGAN CHASE BANK, N.A., et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Jay Brodsky, Great Neck, New York. Pro Se Plaintiff.

September 24, 2019
Wilmington, Delaware

*NOREIKA*, U.S. DISTRICT JUDGE:

I.      **INTRODUCTION**

Plaintiff Jay Brodsky ("Plaintiff"), filed this action on March 15, 2019. (D.I. 2). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7). Plaintiff asserts jurisdiction by reason of diversity, 28 U.S.C. § 1332.[1] The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(B).

II.     **BACKGROUND**

On September 20, 2017, Plaintiff filed an action in the United States District Court for the Eastern District of New York ("EDNY Court") against J.P. Morgan Chase & Company ("JP Morgan"),[2] Broadspire Services Inc. ("Broadspire"), and National Union Fire Insurance Company of Pittsburgh ("National Union") raising a negligence claim and Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, claims, *Brodsky v. J.P. Morgan Chase & Company*, C.A. No. 17-5529-JS-AYS (E.D.N.Y. Sept. 20, 2017) ("*Brodsky I*"). The Complaint alleged that on June 9, 2017, at approximately 3:30 p.m., while at the J.P. Morgan Chase Bank located at 177 Montague Street in Brooklyn, New York, Plaintiff fell down a flight of stairs and was injured. *See Brodsky I*, D.I. 1 at 8. *Brodsky I* alleges that JP Morgan was negligent and it failed to fulfill its obligations under the ADA. *Id*. at 13.

---

[1]     A review of the Complaint indicates that the parties are not diverse. However, the Complaint alleges a violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, and thus jurisdiction is proper pursuant to 28 U.S.C. § 1331, by reason of a federal question.

[2]     Plaintiff sued JP Morgan, a Delaware corporation, using its world headquarters address in New York.

1

On March 15, 2019, Plaintiff commenced an action in this Court against JP Morgan,[3] Broadspire, National Union, and Stahl Real Estate Company ("Stahl") raising a negligence claim and ADA claims ("*Brodsky II*"). (D.I. 2). The Complaint in *Brodsky II* goes into greater detail, but it contains the same basic allegations as those in *Brodsky I* – that on June 9, 2017, at approximately 3:30 p.m., while at the J.P. Morgan Chase Bank located at 177 Montague Street in Brooklyn, New York, Plaintiff fell down a flight of stairs and was injured. (*Compare Brodsky II* at D.I. 2 *with Brodsky I* at D.I. 1). Both *Brodsky I* and *Brodsky II* allege that JP Morgan was negligent and failed to fulfill its obligations under the ADA. *Brodsky II* adds Stahl as a defendant alleging that it is the owner of the building at issue and that JP Morgan leases the first floor of the building. (D.I. 2-1 at 9).

On November 28, 2017, Plaintiff was granted *in forma pauperis* status in *Brodsky I*. *Brodsky I* at D.I. 11. On January 10, 2019, the EDNY Court revoked its grant of *in forma pauperis* status and ordered Plaintiff, within thirty days from the date of the order, to file a new *in forma pauperis* application and certain required documents or, in the alternative, pay the $400 filing fee in full. *Brodsky I* at D.I. 38. Plaintiff belatedly filed an *in forma pauperis* application, but did not provide the additional required documents as ordered by the EDNY Court.[4] *Brodsky I* at D.I 40, 41.

On May 31, 2019, the EDNY Court entered a Memorandum and Order that denied Plaintiff's second motion for leave to proceed *in forma pauperis*. *Brodsky I* at D.I. 41 at 11. In

---

[3]  Plaintiff sued JP Morgan, a Delaware corporation, using its corporate trust center address in Delaware.

[4]  Plaintiff filed the action in this Court after the EDNY Court revoked his *in forma pauperis status* and he submitted his second *in forma pauperis* application, but before the EDNY entered its order that denied the second application *in forma pauperis* and required Plaintiff to pay the $400 filing fee.

2

light of Plaintiff's numerous contradictions regarding poverty and Plaintiff's numerous filings throughout the United States, the EDNY directed that its memorandum and order be mailed to several district courts, including this one. *Brodsky I* at D.I. 41 at 1-12. The EDNY Court specifically noted in its Memorandum and Order that *Brodsky II* alleged the same facts and claims against largely the same Defendants as in *Brodsky I*. *Id.* at n.6.

The May 31, 2019 Memorandum and Order advised Plaintiff that if he wished to pursue the action, he was to remit the $400 filing fee within thirty days from the date of the order, and it warned Plaintiff that his failure to timely remit the filing fee would lead to dismissal of the complaint with prejudice and judgment would enter. *Brodsky I* at D.I. 41 at 11. Plaintiff was further advised that if he opted to pay the filing fee, the EDNY Court "may hold a hearing to address whether [Plaintiff's] submissions violate Federal Rule of Civil Procedure 11(b)." *Id*.

On July 18, 2019, the EDNY Court entered an order stating that Plaintiff did not remit the filing fee and had not otherwise communicated with the Court. *Brodsky I* at D.I. 42. The Order dismissed the case with prejudice pursuant to Fed. R. Civ. P. 41(b). *Id.* Judgment, entered on July 19, 2019, dismissed the case with prejudice pursuant to Rule 41(b) and closed the case. *Id.* at D.I. 43.

### III. <u>LEGAL STANDARDS</u>

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*,

515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint

must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp*., 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV.    **DISCUSSION**

The Third Circuit has suggested that *sua sponte* consideration of the issue of preclusion may be appropriate in certain circumstances. *See Reaves v. Pennsylvania Bd. of Prob. & Parole*, 580 F. App'x 49, 51 n.1 (3d Cir. 2014) (citing *United States v. 5 Unlabeled Boxes*, 572 F.3d 169,

5

175 (3d Cir. 2009) and *Arizona v. California*, 530 U.S. 392, 412 (2000)). In general, this Court may invoke an affirmative defense via its screening responsibilities (*e.g.*, 28 U.S.C. § 1915(e)(2)(B)) if the defense or defect is plain. *Id.* (citing *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002) and *Logan v. Moyer*, 898 F.2d 356, 357 (3d Cir. 1990) (remanding because of difficulty in determining whether *sua sponte* dismissal on the basis of issue preclusion was correct based on an incomplete record). In the instant case it is evident that this matter must be dismissed as barred by claim preclusion. Notably, this Court was notified by the EDNY Court that Plaintiff had filed virtually the same case in its Court a year and a half prior to commencing this action. (*See* D.I. 8).

The doctrine of res judicata, or claim preclusion, "acts as a bar to relitigation of an adjudicated claim between parties and those in privity with them." *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 392 (3d Cir. 2002) (internal citations omitted). The doctrine bars not only claims that were brought in a previous action, but also claims that could have been brought. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008) (internal citation omitted). Res judicata applies when there has been (1) a final judgment on the merits in a prior lawsuit involving; (2) the same parties or their privies; and (3) a subsequent suit based on the same cause of action. *Nayak v. McNees Wallace & Murick LLC*, 700 F. App'x 172, 175 (3d Cir. 2017) (citing *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991)). "Precluding 'parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Id*. (quoting *Montana v. United States*, 440 U.S. 147, 153-54 (1979)).

Here, the claims in *Brodsky I* and *Brodsky II* are the same. With the exception of Stahl, the parties are the same and Stahl could have been named as a defendant in *Brodsky I*. Finally, *Brodsky I* was dismissed with prejudice pursuant to Fed. R. 41(b) for Plaintiff's failure to pay the filing fee. The EDNY Court docket does not indicate that Plaintiff filed a notice of appeal.

Rule 41(b) provides that

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). In the Third Circuit, procedural dismissal is treated as an adjudication on the merits having preclusive effects on subsequent actions. *See Kreidie v. Secretary, Pennsylvania Dep't of Revenue*, 574 F. App'x 114 (3d Cir. 2014) (res judicata barred action although dismissal was on procedural grounds for failure to file amended complaint by stipulated date and procedural dismissal operated as judgment on the merits absent statement to the contrary); *Napier v. Thirty or More Unidentified Fed. Agents*, 855 F.2d 1080, 1087 (3d Cir. 1988) (res judicata may apply to prior case dismissed for failure to prosecute; plaintiff failed to attend pretrial conference and submit pretrial memorandum); *McCarter v. Mitcham*, 883 F.2d 196, 199–200 (3d Cir. 1989) (res judicata is especially likely to apply in prior case dismissed as a sanction for untimely delay and failure to obey court order); *Landon v. Hunt*, 977 F.2d 829, 832–33 (3d Cir. 1992) (res judicata applies to prior case dismissed for failure to prosecute; plaintiff failed to appear at trial). Here, *Brodsky I* was dismissed on procedural grounds and specifically pursuant to Rule 41(b). Therefore, *Brodsky I* has a preclusive effect upon *Brodsky II*.

The conditions for claim preclusion are satisfied and, hence, Plaintiff's claims are barred. Therefore, the Court will dismiss the Complaint.

## V. **CONCLUSION**

For the above reasons, the Court will dismiss the Complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Amendment is futile.

An appropriate Order will be entered.